We'll hear argument next in No. 22-353, McAlister v. Kijikazi. The appellant is appearing on submission, or not appearing and resting on submission, and we will hear from the government. Mr. Elliott. May it please the Court, Scott Elliott on behalf of the Acting Commissioner. This Court should affirm the ALJ's final decision because it is supported by substantial evidence In assessing Mr. McAlister's claim, the ALJ recognized that he suffered from a back disorder and pain that required medication, but reasonably determined that he could still perform a range of light exceptional work. In support of the RFC, the ALJ reasonably relied on medical findings from Dr. Miller, concluding that Mr. McAlister could perform light work with similar limitations to those given by the ALJ. To the extent the ALJ departed from that assessment, he did so to provide Mr. McAlister with further restriction. The ALJ also found less persuasive an opinion from Consultative Examiner Dr. Brouwer, so in assessing the opinion evidence, the ALJ essentially chose to adopt the more restrictive of the two opinions. The ALJ also reasonably found that Mr. McAlister's subjective complaints of disability were inconsistent with the overall evidence, and in making that finding, the ALJ considered a wide variety of evidence, such as Mr. McAlister's conservative treatment history. In August of 2017, Mr. McAlister's doctor said if Mr. McAlister desired further intervention, they could look into ordering an MRI or an EMG, but as the ALJ pointed out, there was no evidence of those tests being ordered. Mr. McAlister also informed his doctor that surgery was not recommended for his condition. The ALJ also pointed out that Mr. McAlister did not seek treatment after May of 2018, when he was specifically informed to return if his symptoms worsened or did not improve. Other evidence the ALJ considered was Mr. McAlister's ability to work part-time at near substantial gainful activity levels during the relevant period, Mr. McAlister's daily activities receipt of unemployment benefits, and other statements Mr. McAlister made. Mr. McAlister, while he did make... My question has nothing to do with that. It has to do with the rather extraordinary arrangement that you all have of having these things tried automatically to a magistrate judge and, you know, without an individual decision and whether that is an appropriate thing. Now, it may be that in this case there was sufficient after-approval so that we don't need to face up to that issue, but boy, I'm telling you that that issue of whether you can have a generic agreement to have magistrate judges and then not have individuals actually decide on that is something that you'd better look to because I at least would be very troubled. Maybe in this case it's okay because there was something like approval. And just continuing the... Well, in this case, they had the opportunity to object to the magistrate judge, right? Well, yes. There's blanket consent with the... There's what? There's blanket consent from our end. Well, there's blanket consent, but also on the docket, there are filings that indicate that they had the opportunity to object and that nobody objected, right? Yeah. Yes. I don't think there would be anything to prevent them from doing that. I think you're okay, but I'm just taking the occasion to say you might want to do something before you have a case that blows up in your face. Yes, Your Honor. And so in assessing Mr. McAlister's protective symptom complaints, the ALJ did consider a wide variety of evidence. And in closing, substantial evidence supports the RFC. The RFC is consistent with the medical opinion evidence. The ALJ considered a wide variety of evidence in assessing subjective complaints. And if the panel has no further questions, I would respectfully ask that the court affirm the ALJ's final decision. Thank you. Okay. Thank you very much, Mr. Elliott. The case is submitted.